UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL GRIFFITH,
DIANE GRIFFITH,

          Plaintiffs,

**Hon. Hugh B. Scott**

11CV761S

v.

**Order**

GOODYEAR DUNLOP TIRES
NORTH AMERICA LTD,

          Defendant.

Before the Court are the parties' discovery motions in two related personal injury actions, Griffith v. Goodyear Dunlop Tires North America Ltd, No. 09CV761S (hereinafter "Griffith") and Blundon v. Goodyear Dunlop Tires North America Ltd., No. 11CV990 ("Blundon"). Both set of plaintiffs in these cases retained the same counsel. The parties made identical arguments in support or opposing the motions in both cases and the motions and responses filed are virtually identical. For judicial efficiency, this Court considered in detail the motions in both cases in an Order entered in Blundon (Docket No. 47), the findings and conclusions in that Order are incorporated in this Order. Annexed to this Order is a copy of the Blundon Order.

As in Blundon, first is plaintiffs' motion to compel inspection of defendant's Tonawanda, New York, tire plant (Griffith, Docket No. 14)[1]. Then defendant filed a series of motions, either

---

[1] In support of their motion, plaintiffs submit their attorney's Declaration (with exhibits), their Memorandum of Law, Docket No. 14; their attorney's Reply Declaration (with exhibit), Docket No. 24; the Expert Affidavit of Gary A. Derian, P.E., Docket No. 31.
    In opposition, defendant submits its motion for a Protective Order against inspection of

to compel production of the tire and rim at issue (Griffith, Docket No. 16[2]), for Protective Orders against disclosing confidential documents (Griffith, Docket No. 17[3]) or against inspection of its plant (Griffith, Docket No. 19[4]).

Responses to these motions were due by June 22, 2012, and any replies by June 29, 2012, and all motions were deemed submitted (without oral argument) on June 29, 2012 (Griffith, Docket Nos. 15, 20).

---

its plant, Docket No. 19, its attorney's Declaration (with exhibits), Docket No. 28; and Memorandum of Law, Docket No. 29.

[2]In support of this motion to compel, defendant submits its attorney's Affirmation (with exhibits, including Affidavit of Jay Lawrence in Goodman v. Goodyear Dunlop, N.Y. Sup. Ct. Index No. 2011-04070), its Memorandum of Law, Docket No. 16; the Affidavit of Jay K. Lawrence, Docket No. 21 (misidentified on the docket as a motion); its attorney's Reply Affirmation (with exhibits), Docket No. 32; its Reply Memorandum of Law, Docket No. 33; the signed Affidavit of James Stroble, Docket No. 36 (replacing Docket No. 32, Ex. D); its Reply, Docket No. 37.
In opposition, plaintiffs submit their attorney's Affirmation (with exhibits), Docket No. 26; their Memorandum of Law (addressing all three defense motions), Docket No. 27.

[3]In support of this motion for a confidentiality Protective Order, defendant submits its attorney's Affirmation (with exhibits), Docket Nos. 17, 18; its Memorandum of Law, Docket No. 17; the Affidavit of Joseph Devic, Docket No. 22; its Reply, Docket No. 34.
In opposition, plaintiffs submit their attorney's Reply and Response Declaration (with exhibits), Docket No. 25; their Memorandum of Law (addressing all three defense motions), Docket No. 27.

[4]In support of this motion for a Protective Order against inspection of its plant, defendant submits its attorney's Affirmation (with exhibits), its Memorandum of Law, Docket No. 19; its Reply (with exhibits), Docket No. 35.
In opposition, plaintiffs (in addition to their motion papers compelling that inspection, cited above, see note 1 supra) submit their attorney's Reply & Response Declaration (with exhibits), Docket No. 24; their Memorandum of Law (addressing all three defense motions), Docket No. 27.

2

BACKGROUND

Both cases are removed diversity product liability actions arising from automobile accidents where defendant's tires allegedly failed. In Griffith, on or about April 24, 2005, plaintiff Daniel Griffith purchased a 2005 Harley Davidson motorcycle with a Dunlop D402 rear tire and purchased a new D402 rear tire on October 4, 2007 (Griffith, 11CV761, Docket No. 1, Notice of Removal, Ex. 1, Compl. ¶¶ 7, 8). On or about July 29, 2009, the Griffiths were riding on that motorcycle in California when the rear tire suddenly deflated causing loss of control and crashing the motorcycle (id. ¶ 9).

On March 15, 2012, a joint Scheduling Conference was held for both cases (Griffith, Docket No. 8; Blundon, Docket No. 16) and Scheduling Orders were entered with common deadlines (Griffith, Docket No. 9; Blundon, Docket No. 17). According to the Scheduling Orders, plaintiffs' expert disclosure is due by February 1, 2013; defense expert disclosure by March 15, 2013; discovery concludes by March 29, 2013; and dispositive motions are due by June 28, 2013 (Griffith, Docket No. 9; Blundon, Docket No. 17).

CONCLUSION

For the reasons stated in the Order entered in Blundon (Docket No. 47), plaintiffs' in Griffith v. Goodyear Dunlop, No. 11CV761, motion to compel inspection of defendant's plant (Docket No. 14) is **granted**, while defendant's motion for a protective Order against inspection of its plant without preconditions (Docket No. 19) is **denied**. Defendant's motion to compel production of the tire and rims at issue (Docket No. 16) is **granted**. Defendant's motion for another protective Order against disclosure of confidential and proprietary documents (Docket No. 17) is **granted**.

3

The item in Docket No. 18, misidentified as a motion (when in fact it is an appendix of exhibits), and an affidavit filed as motion in Docket No. 21 are **terminated** as motions.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 9, 2012


Attach.: <u>Blundon, et al. v. Goodyear Dunlop Tires North America, Ltd.</u>, No. 11CV990, Order