UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL GRIFFITH AND DIANA GRIFFITH,
INDIVIDUALLY AND AS HUSBAND AND
WIFE,

                              Plaintiffs,

   v.                                            **DECISION AND ORDER**
                                                        11-CV-761S

GOODYEAR DUNLOP TIRES NORTH
AMERICA, LTD.,

                              Defendants.

     1.     On February 9, 2012, this Court referred this case to the Honorable Hugh B. Scott, United States Magistrate Judge, for all pretrial matters, including hearing and disposition of all non-dispositive motions. On June 6, 2012, Plaintiffs filed a motion to compel an inspection of Defendant's tire production facility. Defendants moved for a protective order in response on June 7, 2012.

     2.     On November 9, 2012, Judge Scott issued an Order in which he addressed these motions, as well as additional discovery motions made in this action and the related personal injury case, Blundon v. Goodyear Dunlop Tires North America Ltd., No. 11-CV-0990. Inasmuch as the Plaintiffs in these actions are represented by the same counsel and the motions and responses filed were virtually identical, Judge Scott considered the motions in both actions in a single Order, from which Defendant now appeals. As relevant, Judge Scott granted Plaintiffs' motion to compel the plant inspection and denied Defendant's motion for a protective order precluding that inspection.

     3.     On November 23, 2012, Defendant filed an appeal of Judge Scott's Order

1

to the extent it granted Plaintiffs permission to inspect Defendant's plant and denied Defendant a protective order. After full briefing on Defendant's appeal, this Court took the matter under advisement without oral argument on December 20, 2012.

4. Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may, with certain exceptions, hear and determine any pretrial matter pending before the court. The magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). " 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Garcia v. Teitler, 443 F.3d 202, 211 (2d Cir. 2006) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quotation marks omitted). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." Medtech Prods. Inc. v. Ranir, LLC, 596 F. Supp. 2d 778, 785 (S.D.N.Y. 2008) (quotation marks omitted).

5. This Court has reviewed Defendants' appeal and finds that nothing therein compelling a finding that the November 9, 2012 Order is clearly erroneous or contrary to law. Defendant first objects that Judge Scott applied the wrong legal standard in permitting the plant inspection, which Defendant asserts will reveal its trade secrets. Initially, "there is no absolute privilege for trade secrets and similar confidential information." Chembio

2

Diagnostic Sys. v. Saliva Diagnostic Sys., 236 F.R.D. 129, 136 (E.D.N.Y. 2006). It is, however, within a court's discretion to order, for good cause shown, that such information not be revealed or be revealed only in a designated way. Id.; see Fed. R. Civ. P. 26 (c)(1)(G). "If the good cause showing is met, the burden shifts to the party seeking discovery to establish that disclosure of the confidential information is relevant and necessary." Chembio Diagnostic Sys., 236 F.R.D. at 136; see Federal Trade Commission v. Tuttle, 244 F.2d 605, 616 (2d Cir. 1957) (trade secrets may be subpoenaed "if the information is relevant and necessary to the presentation of a case"), *cert denied*, 354 U.S. 925 (1957); Bear Creek Cranberry Co., LLC v. Cliffstar Corp., No. 10-CV-770, 2011 WL 2882078, *3 (W.D.N.Y. Jul. 15, 2011) (same); DDS, Inc. v. Lucas Aerospace Power Trans. Corp., 182 F.R.D. 1, 4-5 (N.D.N.Y. 1998) (same; noting that relevancy is construed broadly during discovery). Inasmuch as Judge Scott considered whether a plant inspection would be both relevant and necessary to the Plaintiffs' actions, it cannot be concluded that the wrong standard was applied here. Defendant's citations to South Carolina state law do not persuade this Court otherwise, as the stricter 'substantial need' test seen there is based upon statute. See S.C. Code Ann. § 39-8-60(B); Laffitte v. Bridgestone Corp., 381 S.C. 460, 472-74, 674 S.E.2d 154, 161-62 (2009). Further, Defendant's arguments that the findings of necessity and relevance are unsupported by the record rely on this erroneous heightened standard, and are therefore rejected.

6. Defendant further objects that the Magistrate Judge failed to consider its argument that disclosure constituted an unconstitutional taking of its property in violation of the Fifth Amendment. A trade secret can constitute a property right protected by the taking clause of the Fifth Amendment, and "[i]f an individual discloses his trade secret to

3

others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1002-04, 104 S.Ct. 2862, 2874, 81 L.Ed.2d 815 (1984); Pharm. Care Mgmtt. Ass'n v. Rowe, 429 F.3d 294, 308 (1st Cir. 2005), *cert denied*, 547 U.S. 1179 (2006). The converse of this, as can be seen in a case on which Defendant relies, is that any specter of an unconstitutional taking can be defeated by an adequate protection order. Wearly v. F.T.C., 462 F.Supp. 589, 598 (D.N.J. 1978) (the possibility of an unconstitutional taking arises from a *failure to provide adequate protection* to assure confidentiality in connection with a compelled disclosure), *vacated on other grounds,* 616 F.2d 662 (3d Cir. 1980), *cert denied*, 449 U.S. 822 (1980). To the extent, if any, that Defendant believes trade secrets will be revealed by the plant inspection that do not fall within the scope of the protective order granted by Judge Scott, Defendant may move to amend that order.

IT HEREBY IS ORDERED, that Defendant's Objections to Judge Scott's November 9, 2012 Order (Docket No. 39) is DENIED.

SO ORDERED.


Dated: January 6, 2013
　　　　Buffalo, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/William M. Skretny
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. SKRETNY
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court