UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL GRIFFITH and DIANE GRIFFITH,

        Plaintiffs,

      v.

GOODYEAR DUNLOP TIRES
NORTH AMERICA LTD,

          Defendant.

**DECISION AND ORDER**
11-CV-761S

## I. INTRODUCTION

Plaintiffs Daniel and Diane Griffith filed this product liability and personal injury action after a motorcycle crash that occurred on July 29, 2009, in Colusia County, California. Plaintiffs claim that a manufacturing defect in the Dunlop D402 motorcycle tire mounted on the rear wheel of their Harley Davidson motorcycle caused the tire to suddenly and unexpectedly blowout, causing the crash and Plaintiffs' personal injuries and damages.

Defendant Goodyear Dunlop Tires North America (now known as Sumitomo Rubber USA, LLC) manufactured the tire. Defendant contends that the tire was not defective and that the crash was instead caused by Plaintiffs' improper use and maintenance of the tire. There is no dispute that Plaintiffs were injured in the crash. Defendant, however, disputes the extent of Plaintiffs' injuries. California law applies.

Presently before this Court are the parties' motions in limine seeking various forms of relief. (Docket Nos. 184-200.) The motions are resolved below.

## II. DISCUSSION

Familiarity with the facts and underlying arguments raised in the various motions in limine is presumed.

Motions in limine, when granted, operate to exclude inadmissible or prejudicial evidence before it is actually offered at trial.   See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).   This aids the trial process by narrowing evidentiary issues and decreasing trial interruptions.   See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).   Evidence is excluded before trial only when it is clearly inadmissible on all grounds.   United States v. Morel, 751 F. Supp. 2d 423, 428 (E.D.N.Y. 2010).   A court faced with a motion in limine may defer decision to resolve the motion in context at trial or may resolve the motion and revisit the ruling if the trial evidence does not come in as expected.   Morel, 751 F. Supp. 2d at 428 (citing Luce, 469 U.S. at 41-42).   But even if nothing unexpected occurs at trial, a court may revisit *in limine* rulings at any time in the exercise of its discretion.   Luce, 469 U.S. at 41-42.

### A.     Plaintiffs' Motions in Limine

#### 1.     Motion to Preclude Defendant's Expert Witnesses (Docket Nos. 188, 208, 209)

Plaintiffs seek to preclude the proposed testimony of Defendant's liability experts James Gillick, Gary Bolden, and Jay Lawrence under Federal Rule of Evidence 403 on the basis that their testimony will be needlessly cumulative if all three witnesses testify. Plaintiffs maintain that there is "substantial overlap" in the proffered testimony of these three witnesses.   (See Docket No. 172.)   They further maintain that Defendant's expert disclosures for Bolden and Lawrence are exactly the same.

In response, Defendant states that it has no intention of presenting cumulative evidence, and in fact, Bolden will testify only if Lawrence is unavailable. It further notes that Gillick and Lawrence will testify about their individual opinions, which are based on their different educations, perspectives, backgrounds, and experiences. Both Gillick and Lawrence were deposed in this case.

This Court will not permit repetitious or unnecessarily cumulative evidence to be presented at trial. At this point, Defendant has expressed its intention to not present such evidence. Plaintiffs' motion to preclude Defendant's experts (Docket No. 188) is therefore denied at this time, subject to renewal at trial if cumulative evidence is presented.

### 2. Motion to Preclude Certain Defense Exhibits (Docket Nos. 189, 207, 210)

Plaintiffs seek to preclude Defendant from using demonstrative animations and exhibits of various processes performed in the manufacturing plant. These animations are listed as Defendant's Exhibits IIIIII (calendaring process) and JJJJJJ (dip tank process). Plaintiffs also challenge Defendant's Exhibit PP, which is a still shot from the dip tank animation. Defendant intends to use these exhibits in conjunction with witness testimony to help explain the manufacturing process of the subject tire to the jury.

Plaintiffs challenge these exhibits on the basis that Defendant failed to disclose them in discovery, they are not accurate depictions of the processes, and Plaintiffs had no access to the underlying machinery and processes that are exclusively in Defendant's control. Defendant maintains that because the exhibits are demonstrative only, they were not required to be disclosed and are not required to be substantially similar to the

processes that they represent. Moreover, Defendant maintains that Plaintiffs may challenge the accuracy of the animations on cross-examination.

This Court agrees with Defendant that, as demonstrative aides, these exhibits were not required to be disclosed in discovery, and it is this Court's understanding that Plaintiff did not specifically request production of demonstrative exhibits. It is further this Court's understanding that, due to related litigation between counsel in state court, Plaintiffs' attorney has been on notice of these animations for several years. This Court therefore finds no prejudice due to lack of notice.

As to the accuracy of the animations, this Court finds that they need not be substantially similar to the actual processes because they will be used as demonstrative exhibits to help the jury understand the actual process, which the witnesses will testify about. The evidence of the actual processes will be the witnesses' testimony, not the demonstrative animations, which will hold no evidentiary value. For this reason, before using the demonstrative exhibits, Defendant must elicit testimony or introduce evidence of the actual processes that the demonstrative exhibits are intended to help explain. Depending on how the testimony comes in, Defendant may be able to use the demonstrative exhibits to help explain the processes.

Finally, Plaintiffs' inaccuracy arguments go to the weight to be afforded the evidence, not to admissibility. As such, this Court agrees that Plaintiffs may use cross-examination to explore the claimed inaccuracies in the animations. Plaintiffs contend, however, that their ability to cross examine is impaired because they did not receive discovery on certain portions of the process depicted in the animations, such as various

equipment and machinery. If that is the case, and such discovery was available, this Court will entertain a motion to strike that portion of the animation or to produce additional discovery. At this point, this Court lacks sufficient information to make that determination. For now, Plaintiffs' motion to strike the demonstrative exhibits (Docket No. 189) is denied, subject to further argument at trial before the use of the exhibits.

**B.  Defendant's Motions in Limine**

**1.  Motion to Preclude Plaintiffs' Liability Expert
(Docket Nos. 184, 206, 211)**

Defendant seeks to preclude Gary Derian, Plaintiffs' liability expert, from testifying at trial. Defendant challenges Derian's qualifications and alleges that his opinions lack any basis in fact, science, or sound methodology, and are therefore unreliable.

Derian is expected to testify that the tire at issue suffered from a manufacturing defect caused by poor bonding between the tire's polyester cord and rubber skim stock. This poor bonding, according to Derian, was caused by a lack of adhesive dip on large portions of the ply. Defendant maintains that Derian reached this conclusion by simply observing the tire in its post-accident state. They contend that he conducted no testing, failed to rule out alternative causes, and disregarded evidence inconsistent with his opinion.

District courts have broad discretion in deciding the admissibility of expert testimony, which is governed by Rule 702 of the Federal Rules of Evidence. See United States v. Farhane, 634 F.3d 127, 158 (2d Cir. 2011) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). The rule provides as follows:

A witness who is qualified as an expert by knowledge, skill experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The proponent of expert testimony has the burden of demonstrating by a preponderance of the evidence that the testimony is competent, relevant, and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 n.10, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); Koppell v. New York State Bd. of Elections, 97 F. Supp. 2d 477, 479 (S.D.N.Y .2000); Bourjaily v. United States, 483 U.S. 171, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)).

As to competence, the requirements to qualify as an expert witness are construed broadly: "Liberality and flexibility in evaluating qualifications should be the rule[;] . . . the expert should not be required to satisfy an overly narrow test of his own qualifications." Bunt v. Altec Indus., Inc., 962 F. Supp. 313, 317 (N.D.N.Y. 1997) (quoting Lappe v. American Honda Motor Co., 857 F. Supp. 222, 226 (N.D.N.Y. 1994)). Nor does an expert's knowledge about a particular subject need be precisely informed about all the details of the issue raised to offer an opinion. Id. (citing Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 799 (4th Cir. 1989)).

As to relevance, expert testimony is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable.    Fed. R. Civ. P. 401; <u>see also</u> <u>Amorgianos v. Nat'l R.R. Passenger Corp.</u>, 303 F.3d 256, 264 (2d Cir. 2002).

If the expert witness is competent and the proffered testimony is relevant, the court then turns to "whether the proffered testimony has a sufficiently reliable foundation to permit it to be considered" by the trier of fact.    <u>Amorgianos</u>, 303 F.3d at 265.    That is, the court must assume its "gatekeeper role" and make "a preliminary assessment of whether the reasoning or methodology underlying the [expert] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."    <u>Daubert</u>, 509 U.S. at 592-93; <u>see also</u> Fed. R. Evid. 702 (Advisory Committee Notes, 2000 amendment) (noting that trial judges have "the responsibility of acting as gatekeepers to exclude unreliable expert testimony").

In considering the reliability of an expert witness's opinion, the court must determine "whether the proffered testimony has a sufficiently reliable foundation to permit it to be considered" by the trier of fact.    <u>Amorgianos</u>, 303 F.3d at 265.    Expert testimony must be based on sufficient facts or data and be grounded in reliable methods and procedures of science; it cannot be based on unsupported speculation or subjective belief.    <u>Daubert</u>, 509 U.S. at 590.    In examining the reliability of the expert's opinion, the court's focus is on the methodology employed, rather than the expert's conclusions.    <u>Id.</u> at 595; <u>TC Sys. Inc. v. Town of Colonie, N.Y.</u>, 213 F. Supp. 2d 171, 175 (N.D.N.Y. 2002).

Defendant challenges Derian's qualifications on the basis that he has no experience designing, manufacturing, or evaluating motorcycle tires.    This takes too narrow a view.    Derian is a mechanical engineer who has past experience as a tire

engineer and product manager at a major tire manufacturer. While Derian now focuses his efforts on consulting, he has experience designing and testing passenger tires. This is sufficient knowledge, skill, experience, and training to provide expert testimony in this case involving tire construction. See King v. Brandtjen & Kluge, Inc., No. 94 Civ. 4111, 2001 WL 1804345, *2 (W.D.N.Y. June 20, 2001) (noting that an expert "should not be required to satisfy an overly narrow test of his own qualifications"); Canino v. HRP, Inc., 105 F. Supp. 2d 21, 27 (N.D.N.Y. 2000) ("[A]ssuming that the proffered expert has the requisite minimal education and experience in a relevant field, courts have not barred an expert from testifying merely because he or she lacks a degree or training narrowly matching the point of dispute in the lawsuit."). Moreover, Derian has previously been found to be qualified to render expert opinions on the design and manufacture of tires. See, e.g., Cruz v. Kumho Tire Co., Inc., Nos. 8:10-CV-219, 8:12-CV-200, 2015 WL 2193796, at *6 (N.D.N.Y. May 11, 2015)

Next, Defendant does not challenge Derian's opinion on relevancy grounds, and this Court finds that Derian's opinions are directly relevant to the issues in this case.

Finally, Defendant challenges Derian's opinion that there was a lack of bonding in the tire caused by a lack of adhesive dip on large portions of the #3 ply as being unreliably based on only his visual and tactile examination of the tire at issue. Defendant heavily criticizes Derian's opinions and methodology, but it makes an insufficient showing that Derian's opinions cannot validly be reached through visual and tactile examination, which Defendant concedes is a reliable method in certain cases. (See Docket No. 184-13, p. 18.) Thus, the deficiencies that Defendant identifies in Derian's data, methodology, and

opinions go directly to weight (not admissibility), which Defendant can expose on cross-examination and through its own experts.    See Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179, 186 (2d Cir. 2001) ("gaps or inconsistencies in an expert's reasoning, or arguments that an expert's conclusions are wrong, go to the weight of the evidence, not to its admissibility") (citations omitted)); McCulloch v. H.B. Fuller Co., 61 F.3d 1038, 1044 (2d Cir. 1995) (finding that an expert's use or application of a methodology goes to weight, not admissibility).    In this Court's view, Defendant has not established that Derian's opinions are so divorced from accepted methodology that his expert testimony should be precluded.    See Gen. Elec. Co., v. Joiner, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997) (only where there is "too great an analytical gap between the data and the opinion proffered should an expert's opinion be excluded"); see also Daubert, 509 U.S. at 596 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.).

For all of these reasons, Defendant's motion to preclude Derian's expert testimony (Docket No. 184) is denied.

**2.    Motion to Preclude Similar Act Evidence
(Docket Nos. 185, 204, 212)**

Defendant seeks to preclude Plaintiffs from introducing evidence of other tire-failure incidents that they claim are similar to the incident in this case.    Defendant first maintains that Plaintiffs cannot establish that the alleged incidents are substantially similar because their expert witness (Derian) disclosed no opinions related to the other

incidents. Defendant also argues that the introduction of other similar incidents, even if demonstrated to be similar and deemed relevant, should be precluded under Rule 403 because any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the need to conduct a trial-within-a-trial on each claimed incident.

Plaintiffs indicate that they intend to introduce evidence of four other incidents involving the same model tire (D402) at issue in this case, two of which were manufactured within the same week as the tire at issue, perhaps using the same batch of cords. Presumably Plaintiffs intend to introduce this evidence through Derian, who they say rendered an expert opinion concerning the other tires after examining the accident reports and testimony concerning those tires. Plaintiffs maintain that this evidence is relevant to demonstrating Defendant's knowledge of the manufacturing defect.

Evidence of previous accidents may be admitted at trial only if the proponent demonstrates relevance by establishing that the previous instances occurred under circumstances substantially similar to the accident at issue. See Lidle v. Cirrus Design Corp., 505 F. App'x 72, 74 (2d Cir. 2012).

At this time, this Court will preclude evidence of previous incidents. Although there is insufficient information from which this Court can determine whether the previous incidents are sufficiently similar—Plaintiffs, for example, do not identify in their response which previous incidents they intend to introduce at trial—it appears that Plaintiffs have not disclosed any expert opinions on these other tires. That is, Plaintiffs have not

disclosed an expert to testify about the previous incidents and how they are substantially similar to the one at issue in this litigation.  Contrary to Plaintiffs' representation that Derian analyzed and opined about the previous incidents in his expert reports, this Court cannot locate any discussion of prior incidents in either his report (Docket No. 185-5) or supplemental report (Docket Nos. 185-5, 185-6).  Consequently, at this time, this Court will grant Defendant's motion to preclude similar incidents (Docket No. 185) due to Plaintiffs' pretrial failure to demonstrate a path of admissibility.

  **3.**  **Motion to Preclude Claims Concerning Past Medical Expenses (Docket Nos. 186, 204, 213)**

    **Motion to Preclude Certain Expert Testimony, the Testimony of Kaiser Permanente, and the Testimony of Dr. Louis W. Irmisch III (Docket Nos. 192, 203, 215)**

  Defendant seeks to preclude any claim for past medical expenses on the basis that Plaintiffs have not come forward with admissible expert testimony concerning the reasonableness of those expenses.  (Docket No. 186.)  In particular, Defendant maintains that Plaintiffs have failed to identify or depose any individual or entity to establish the reasonable value of the medical treatment that Plaintiffs received.

  In response, Plaintiffs contend that Defendant has been generally aware that the medical providers are claiming a right of recovery for past medical expenses.  Plaintiffs further contend that their treating physicians will testify to the reasonableness of the past medical expenses.  Alternatively, Plaintiffs seek to present two newly-disclosed witnesses to testify as to the reasonableness of their past medical expenses: (1) a representative of Kaiser Permanente of Northern California (medical provider); and (2)

Dr. Louis William Irmisch, III, an expert witness. Plaintiffs contend that Defendant is not prejudiced by these two newly-disclosed witnesses because they have known about the past medical expenses claim since the inception of the case.

In reply, Defendant moves to preclude the two newly-disclosed witnesses for lack of disclosure and moves to preclude Plaintiffs' treating physicians from rendering opinions concerning the reasonableness of Plaintiffs' past medical costs. (Docket No. 192.)

On May 21, 2018, this Court denied Plaintiffs' request to reopen discovery to depose medical witnesses, which Plaintiffs elected not to do as a cost-saving measure mistakenly believing that liability and damages would be bifurcated. (Docket No. 230.) Now Plaintiffs seek to use two newly-identified damages witnesses, neither of which was disclosed or deposed during the discovery period. Consistent with the earlier ruling (Docket No. 230), this Court finds no good cause for the late disclosure of these damages-related witnesses. The representative of Kaiser Permanente of Northern California and Dr. Louis William Irmisch, III, are therefore precluded.

As to Plaintiffs' treating physicians, they were properly disclosed as treating-physician experts. While it does not appear as though Plaintiffs specifically identified the reasonableness of their past medical expenses as a topic about which their treating physicians would testify, Defendants have known about the issue of past medical expenses and the treating physicians were timely disclosed. This Court therefore finds no unfair prejudice based on notice. Consequently, at this point, because it is possible that Plaintiffs may be able to lay a proper foundation for their treating physicians to expound upon the reasonableness of their past medical expenses, preclusion is not

warranted.   See Morel, 751 F. Supp. 2d at 428 (providing that pretrial preclusion is warranted only when evidence is clearly inadmissible on all grounds).   But Defendant will have a full and fair opportunity to voir dire the treating physicians on this topic, after which this Court will determine whether they are sufficiently qualified to testify about the reasonableness of Plaintiffs' past medical expenses.   For now, however, preclusion is unwarranted.

Accordingly, Defendant's motion to preclude claims for past medical expenses (Docket No. 186) is denied, and its motion to preclude treating physician testimony, the testimony of a Kaiser Permanente Northern California representative, and the testimony of Dr. Louis W. Irmisch, III, (Docket No. 192) is granted in part and denied in part.

### 4.    Motion to Preclude Claims Concerning Future Medical Expenses (Docket Nos. 187, 204, 214)

Defendant seeks to preclude Plaintiffs from making any claim for future medical expenses on the basis that they have identified no testimony or evidence that would support such a claim.   In response, Plaintiffs advise that they will not pursue future medical expenses.   Accordingly, Defendant's motion (Docket No. 187) is granted and any claims concerning future medical expenses are precluded.

### 5.    Motion to Preclude Plaintiffs' Damages Expert (Docket Nos. 190, 202, 216)

Defendant seeks to preclude Plaintiffs' damages expert, Dr. Ronald Reiber, on the basis that Plaintiffs have failed to produce an expert report in compliance with Rule 26 (a)(2)(B) of the Federal Rules of Civil Procedure. Alternatively, Defendant seeks to preclude Dr. Reiber's testimony on the basis that his opinions are based on erroneous

and unsupported assumptions. Plaintiffs contend that their expert disclosure for Dr. Reiber, which consists of two cover letters and several tables of figures, meets their disclosure obligation.

Retained expert witnesses must prepare and sign written reports for production in discovery. <u>See</u> Rule 26 (a)(2)(B). Such reports must contain the following information:

(1) a complete statement of all opinions the witness will express and the basis and reasons for them;

(2) the facts or data considered by the witness in forming them;

(3) any exhibits that will be used to summarize or support them;

(4) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(6) a statement of the compensation to be paid for the study and testimony in the case.

<u>Id.</u>

Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required by Rule 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This is a discretionary remedy. <u>See</u> <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 297 (2d Cir. 2006) (holding that preclusion is discretionary even if "the trial court finds that there is no substantial justification and the

failure to disclose is not harmless").    Factors to be considered in determining whether to

impose sanctions under Rule 37 include "(1) the party's explanation for the failure to

comply with the [disclosure requirement]; (2) the importance of the testimony of the

precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of

having to prepare to meet the new testimony; and (4) the possibility of continuance."    <u>Pal</u>,

2008 WL 2627614, at *3 (citing <u>Patterson v. Balsamico</u>, 440 F.3d 104, 117 (2d Cir. 2006))

(alterations in original).

For the reasons articulated in Defendant's motion, this Court finds that Plaintiffs'

expert disclosure for Dr. Reiber fails to comply with Rule 26 (a)(2)(B).    Dr. Reiber has

not prepared the type of report contemplated in Rule 26 (a)(2)(B), but rather, has provided

a cover letter to Plaintiffs' counsel together with a series of charts and calculations.    (<u>See</u>

Docket Nos. 190-2, 190-4.)    This production is inadequate under the rule.    But because

Defendant is generally on notice of Dr. Reiber's work, preclusion is not warranted.

Plaintiffs are instead directed to produce to Defendant an expert report from Dr. Reiber

that fully complies with Rule 26 (a)(2)(B) within 14 days of the entry date of this decision.

As to Defendant's alternate request for preclusion on the grounds that Dr. Reiber relied

on unsupported assumptions in his submissions, this goes to the weight afforded the

report, which Defendant may explore on cross-examination.    Defendant's motion to

preclude Dr. Reiber (Docket No. 190) is denied.

### 6.    Motion to Preclude Opinion Testimony from Plaintiffs' Treating Physicians (Docket Nos. 191, 203, 217)

Defendant seeks to preclude Plaintiffs' treating physicians from providing opinion

testimony that does not arise out of their treatment of Plaintiffs on the grounds that Plaintiffs have not produced any expert reports for their treating physicians under Rule 26 (a)(2)(B).    In particular, Defendant seeks to preclude Plaintiffs' treating physicians from testifying about the cause of Daniel Griffith's claimed memory loss and the claimed permanency or future limitations resulting from Diana Griffith's alleged post-concussive syndrome and wrist injuries.    Plaintiffs maintain that their treating physicians are not experts retained for trial and are therefore not required to produce expert reports under Rule 26 (a)(2)(B).

The identity of any expert witness must be disclosed under Rule 26 (a)(2)(A).    For expert witnesses who are not retained or specially employed to provide expert testimony, such as Plaintiffs' treating physicians here, Rule 26 (a)(2)(C) requires only that the disclosing party state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify."    See Ramsey v. Nat'l R.R. Passenger Corp., No. 12cv1999 (MHD), 2015 WL 2168062, at *9 (S.D.N.Y. May 7, 2015) (noting that treating physicians may testify as to opinions formed during their treatment, including causation, without submission of an expert report); see also Pokigo v. Target Corp., No. 13-CV-722A (Sr), 2014 WL 6885905, at *4 (W.D.N.Y. Dec. 8, 2014).

There appears no dispute that Plaintiffs provided the disclosure required by Rule 26 (a)(2)(C).    Plaintiffs' treating physicians may therefore testify as to their opinions formed during their treatment, including causation.    See Ramsey, 2015 WL 2168062, at *9.    Without knowing how the treating physicians will testify about what opinions they

16

formed and when, this Court cannot rule on Defendant's request to preclude certain opinions concerning Daniel Griffith's claimed memory loss and the claimed permanency or future limitations resulting from Diana Griffith's alleged post-concussive syndrome and wrist injuries. If at trial Defendant perceives Plaintiffs' treating physicians' testimony as exceeding the scope of their treatment of Plaintiffs, they are free to raise an objection at that time. Defendant's motion to preclude this testimony (Docket No. 191) at this time, however, is denied.

7.    **Motion to Preclude Arguments Related to Tire Recalls and Litigation (Docket Nos. 193, 204, 218)**

Defendant seeks an order precluding Plaintiffs from introducing evidence or argument relating to tire recalls, since the tire at issue was not the subject of a recall. In response, Plaintiffs represent that they do not intend to produce evidence of tire recalls. Defendant's motion (Docket No. 193) is therefore granted, and evidence concerning tire recalls is precluded.

8.    **Motion to Preclude Evidence of Media Coverage of the Accident or Tire Defects (Docket Nos. 194, 204, 219)**

Defendant seeks to preclude Plaintiffs from introducing evidence pertaining to media coverage of the accident, purported tire defects generally, and other incidents involving tires, on the basis that such media-coverage evidence is irrelevant, unfairly prejudicial, and constitutes inadmissible hearsay. Plaintiffs respond that they are unaware of any media coverage of the specific accident at issue and they express no intention of introducing any media-coverage type evidence. Accordingly, Defendant's

motion (Docket No. 194) is granted, and evidence concerning media coverage as specified is precluded.

### 9. Motion to Preclude Undisclosed Evidence (Docket Nos. 195, 204, 220)

Defendant seeks to preclude Plaintiffs from referencing or introducing any documents or other evidence not previously disclosed during discovery. Plaintiffs oppose Defendant's motion as generic, vague, and premature. This Court agrees. If Defendant has an objection to a specific piece of evidence based on non-disclosure, it should raise it at trial. At this time, there has been no showing that a blanket order is warranted. Defendant's motion in limine seeking such an order (Docket No. 195) is therefore denied.

### 10. Motion to Preclude Evidence of Defendant's Size, Wealth, Ownership Structure, Financial Status, etc. (Docket Nos. 196, 204, 221)

Defendant seeks an order precluding Plaintiffs from referencing its corporate ownership, size, financial status, or nationality on relevancy and prejudice grounds. While disclaiming any intention to introduce such evidence in a disparaging or prejudicial way, Plaintiffs nonetheless appear to suggest that some aspects of this evidence may be relevant and not unfairly prejudicial. Because this Court cannot make such a determination without knowing the specific evidence, testimony, or argument at issue, it cannot enter a pretrial ruling. If Defendant has an objection to a specific piece of evidence based on relevance and prejudice, it should raise it at trial. At this time, this Court is not in a position to issue a blanket order, as requested. Defendant's motion in

18

limine (Docket No. 196) is therefore denied.

**11.    Motion to Preclude Evidence of Insufficient Warnings
(Docket Nos. 197, 204, 222)**

Defendant seeks an order precluding Plaintiffs from introducing evidence or arguing, either directly or indirectly, that it did not adequately warn them about the weight limitations applicable to the subject tire.   In Defendant's view, such evidence is irrelevant and unfairly prejudicial because this Court previously dismissed Plaintiffs' failure-to-warn claim.   (See Docket Nos. 149, 150.)   Plaintiffs oppose Defendant's motion on the basis that they intend to demonstrate their compliance with the manufacturer's recommendations, including adherence to the weight limitations.   That, however, is not the focus of Defendant's motion.   While evidence concerning Plaintiffs' compliance with the warnings may well be relevant, Defendant's motion is narrower: it only seeks preclusion of evidence and argument that the warnings were defective or insufficient. Since Plaintiffs' failure-to-warn claim has been dismissed, evidence or argument that the provided warnings were defective or insufficient will be precluded under Rules 402 and 403 of the Federal Rules of Evidence.   Defendant's motion (Docket No. 197) is therefore granted.

**12.    Motion to Preclude Argument and Evidence Concerning Documents
Not Produced in Discovery
(Docket Nos. 198, 205, 223)**

Defendant seeks to preclude Plaintiffs from arguing or offering testimony that it obstructed discovery or acted unfairly during discovery by not producing records that were destroyed pursuant to its records-retention policy.   In response, Plaintiffs maintain that

Defendant failed to produce records in discovery and may have conducted an inadequate search for responsive documents. They further represent that Defendant never took the position that documents could not be produced due to its records-retention policy.

On the record before it, this Court cannot determine whether good-faith inquiry into the absence of documents may be relevant at trial. Accordingly, the blanket ruling requested by Defendant cannot be granted. If discovery-related issues arise at trial, this Court will hear proffers outside the presence of the jury and then determine whether inquiry is permissible. For now, Defendant's motion in limine (Docket No. 198) is denied.

### 13. Motion to Preclude "Golden Rule" and Similar Arguments (Docket Nos. 199, 204, 224)

Defendant seeks an order precluding Plaintiffs from making "Golden Rule," "Reptile," or "send a message" arguments to the jury. According to Defendant, these arguments improperly appeal to the jurors' sympathy or fear by asking jurors to put themselves in Plaintiffs' shoes ("Golden Rule"), to return a verdict to protect the general public ("Reptile"), or to "send a message" to Defendant. In response, Plaintiffs contend that they are aware of the bounds of permissible argument and will stay within them.

In this Court's view, a pretrial order constraining the arguments of counsel is unnecessary. This Court expects all counsel to comport themselves within the applicable rules. If either side has an objection to a specific argument, it should raise it at trial. And counsel are hereby on notice that the presentation of improper arguments could result in admonishment in front of the jury. At this point, Defendant's motion in limine (Docket No. 199) is denied.

**14.    Motion to Preclude Unpleaded Emotional Damages Claim
            (Docket Nos. 200, 204, 225)**

Defendant seeks to preclude any claims for damages based on emotional distress suffered from Plaintiffs observing and perceiving each other's injuries.    Such claims, argues Defendant, were not pleaded in the complaint and were not the subject of discovery.    In response, without any citation to authority, Plaintiffs simply maintain that this type of emotional distress damages are part of their general claim for pain and suffering.    Plaintiff has not, however, countered the authority that Defendant presents indicating that California law, which governs here, recognizes an independent cause of action—negligent infliction of emotional distress—for emotional distress damages arising from third-party injuries.    See Thing v. La Chusa, 48 Cal. 3d 644, 667-68, 771 P.2d 814, 829-30 (1989); Molien v. Kaiser Found. Hosp., 27 Cal. 3d 916, 930, 616 P.2d 813, 821 (1980).    Since no such claim is included in Plaintiffs' complaint, and since no discovery was conducted on such a claim, Defendant's motion to preclude (Docket No. 200) is granted.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs' motions in limine (Docket Nos. 188, 189) are denied.    In addition, the following of Defendant's motions in limine are also denied: Docket Nos. 184, 186, 190, 191, 195, 196, 198, and 199.    The following of Defendant's motions are granted: Docket Nos. 185, 187, 193, 194, 197, and 200.    And finally, Defendant's motion in limine (Docket No. 192) is granted in part and denied in part.

## IV.  ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motions in Limine (Docket Nos. 188, 189) are DENIED.

FURTHER, that the following of Defendant's motions in limine are DENIED: Docket Nos. 184, 186, 190, 191, 195, 196, 198, and 199.

FURTHER, that the following of Defendant's motions in limine are granted: Docket Nos. 185, 187, 193, 194, 197, and 200.

FURTHER, that Defendant's motion in limine (Docket No. 192) is GRANTED in part and DENIED in part.

FURTHER, that Plaintiffs must produce to Defendant an expert report from Dr. Reiber that fully complies with Rule 26 (a)(2)(B) within 14 days of the entry date of this decision.

SO ORDERED.


Dated:        September 28, 2018
              Buffalo, New York


                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge